[Crim. No. 1674. Second Appellate District, Division Two.—August 20, 1928.]

THE PEOPLE, Respondent, v. ANDREW CALDERON et al., Appellants.

John F. Groene for Appellants.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIG, Acting P. J.—The appellants and one Cinvente S. Lueras were jointly charged with the crime of burglary, to which offense the latter pleaded guilty, and appellants were convicted of burglary in the first degree. Motions for a new trial and in arrest of judgment were thereafter presented, which were denied, and Calderon and Torres appeal from the judgments and from the rulings upon said motions.

It appears that the home of one M. Yano, at Wilmington, in Los Angeles County, was robbed during the night of January 18, 1928. Appellants and Lueras were arrested when seen throwing a package from an automobile in which they were driving, and a trunk, certain jewelry and other personal property of Yano were found in their machine. Calderon later made a written confession, and Lueras testified at the trial, both admitting the robbery in detail.

It is first objected that the trial court erred in permitting the People to introduce certain surrebuttal testimony. At the conclusion of the defendant Torres' testimony, his counsel and the district attorney announced "That is all," whereupon counsel for Calderon asked permission to call two witnesses in rebuttal, which was granted, the court directing that counsel "confine the evidence strictly to rebuttal testimony." Two other witnesses then testified in rebuttal for the People, at which time the district attorney announced: "That is all for the State, if your Honor please." Thereupon a conference was held at the bench between the judge and the district attorney. The court then remarked: "Well, it is now very close to 12 o'clock. I think we will take an adjournment until 2 o'clock regardless of what is taken up at that time." When the court reconvened Lueras was called in rebuttal, to which counsel

for his co-defendants objected upon the ground that the People had closed and all witnesses had been excused. The district attorney stated, and here insists, however, that he did not close except for the time being and as to the witness then testifying, and that he had expressed at the bench an intention of calling Lueras in the afternoon. At this time he said that if a motion were necessary he would move to reopen, and the court granted the motion, saying that "it must be confined strictly to rebuttal evidence." Lueras testified, and was cross-examined by counsel for Calderon, after which the latter took the stand and denied the rebuttal testimony of Lueras. Appellants do not attempt to show wherein they were prejudiced in this respect, or what, if any, new evidence they might have offered had their witnesses not been excused. It is said that counsel for the People had an opportunity to coach the witness before 2 o'clock, but it affirmatively appears that he did not do so. Such a matter is one peculiarly within the discretion of the trial court, and under the circumstances of this case we think it did not exceed its authority in admitting the testimony in question.

It is next contended that the court erred in giving to the jury a form of verdict finding the defendant Andrew Calderon "guilty of burglary a felony and find it burglary of the first degree," and that the same form of verdict was given the jury as to the defendant Torres. It is argued that this was an attempt to instruct that they be convicted and that the offense be fixed of the first degree only, and it is asserted that the court further erred in refusing to instruct the jury that they might find the appellants guilty of the offense charged in any degree within their discretion. The record discloses that the jury were instructed fully upon all phases of the case, and as to their duty in the event that they should find from the evidence that the defendants, or either of them, committed burglary in the first or second degree, or that one committed the offense of either degree with the aid of the other, or that one or both were guilty. The jury were given forms of verdict finding each other not guilty, and others reading "first degree as charged in the information," with the admonition that if they should find that the offense was committed, and that it occurred in the daytime they "should substitute 'second degree as

charged in the information.' '' It is obvious that the forms of verdict furnished by the trial court in no way limited the jury in their findings, and that they were properly instructed to return them in accordance with the evidence and the law as given them by the court.

There are no other points which merit discussion. The judgments and orders appealed from are affirmed.

Thompson, J., and Hazlett, J., *pro tem.*, concurred.